CHARLES A. KAISER v. STATE OF NEBRASKA.

[FILED NOVEMBER 16, 1892.]

1. **Criminal Law**: CONVICTION ON CIRCUMSTANTIAL EVIDENCE. In order to warrant a conviction on circumstantial evidence, the evidence must be of so conclusive a character as to prove beyond a reasonable doubt that the accused, and no other person, committed the offense charged.

2. **Larceny**: SUFFICIENCY OF EVIDENCE. Evidence examined, and *held*, not to sustain a judgment of conviction for larceny.

ERROR to the district court for Lancaster county. Tried below before HALL, J.

*Frank J. Kelley*, for plaintiff in error.

*George H. Hastings, Attorney General, contra.*

POST, J.

The plaintiff in error was convicted in the district court of Lancaster county on the charge of larceny and sentenced to imprisonment in the penitentiary for the period of

·eighteen months.  He subsequently filed a petition in error
in this court in which he alleges as grounds for a reversal
thereof: First, the evidence does not sustain the charge of
the information and is not sufficient to sustain a conviction;
second, misconduct on the part of the county attorney in
his closing address to the jury; and, third, that the court
·erred in its instruction defining a reasonable doubt.

According to the view we take of the case it will be nec-
·essary to notice the first objection only.  The facts, briefly
stated, are these: On the afternoon of December 25, 1891,
one Michael Gallagher, in company with several friends,
visited Carr's saloon in the city of Lincoln.  After drink-
ing at the bar and paying a bill to the barkeeper he placed
his money, about $90, mostly in gold, in his inside vest
pocket.  He remained in the saloon aforesaid from about
1 o'clock until 7 o'clock P. M., when he visited another
·saloon and from thence went to his lodging house, where
he first discovered that his money was gone.  The plaintiff
in error had been engaged in conducting a restaurant or
lunch counter in the basement of the building, and assisting
the proprietor of the saloon, for which he was accustomed
to receive pay from time to time in change amounting to
about $10 per month.  The night in question he is shown
to have spent $13 at a house of prostitution, and to have
two twenty-dollar gold pieces the next morning, and al-
though it is not clearly established, the inference from the
facts in evidence is, that he was not possessed of any such
a sum of money the day previous, while the explanation
thereof given by him is not satisfactory and apparently false.
·On the other hand, it does not appear from the evidence
that the plaintiff in error had any opportunity to steal the
money while in the saloon, and it is not claimed by the state
that the parties met at any other place that day.  It appears
that the saloon was well patronized that afternoon and
that customers were constantly coming and going, while
Gallagher sat there apparently unconscious and certainly
48

intoxicated. The latter does not recollect meeting plaintiff in error that afternoon, while Lawrence Carr, the barkeeper, who was called by the state, testified on cross-examination as follows:

Q. You did not see him (plaintiff in error) and Gallagher together on Christmas day?

A. No, sir; they were not together, not that I saw; I don't recollect; I could not remember; I know they were not together. They might have spoken, but they were not together; Gallagher came in with his friends.

No attempt was made by the state to identify the money found in the possession of the accused as that lost by Gallagher, further than as stated above. The case, therefore, is this: Gallagher, while intoxicated, lost a sum of money. Soon thereafter the plaintiff in error is proven to have been in possession of a sum of money corresponding in kind to that lost by Gallagher, and under circumstances tending to show that he did not come by it honestly. Circumstantial evidence to warrant a conviction should be of such a convincing character as to prove beyond a reasonable doubt that the accused, and no other person, committed the crime with which he is charged. (*Walbridge v. State*, 13 Neb., 236; *Bradshaw v. State*, 17 Id., 147.) Here, aside from the possession by the plaintiff in error of an unusual sum of money, there is no proof whatever to connect him with the larceny, if we assume that the money was in fact stolen from Gallagher, an assumption not fully warranted by the evidence. Not only is there a failure to show an opportunity for the commission of the crime charged, but it affirmatively appears from the testimony of the witnesses for the state that the plaintiff in error was not at any time in company with Gallagher while the latter was in the saloon. While the evidence was admissible as tending to establish the guilt of the accused, and while it may be said to raise a strong presumption that he did not come by the money honestly, it is certainly insufficient to exclude the

theory of his innocence of the crime of larceny and to. establish his guilt thereof beyond a reasonable doubt. The judgment of the district court is reversed and the case remanded for further proceedings therein.

REVERSED AND REMANDED.

THE other judges concur.